# EXHIBIT A

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of New York

| | |
|---|---|
| Breindy Kohn,<br><br>*Plaintiff(s)*<br>v.<br>Relin, Goldstein & Crane, LLP,<br><br>*Defendant(s)* | ) ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. 21-CV-6500 |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Relin, Goldstein & Crane, LLP
28 East Main Street, Suite 1800
Rochester, NY 14614

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Eliyahu babad, Esq.
Stein Saks, PLLC
One University Plaza, Suite 620
Hackensack, NJ, 07601

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

DOUGLAS C. PALMER
*CLERK OF COURT*

Date: 11/22/2021



/s/ P. Neptune

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No. 21-CV-6500

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)*
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)*
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

[Print]  [Save As...]  [Reset]

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Breindy Kohn,<br><br>        Plaintiff(s)<br><br>-v.-<br><br>Relin, Goldstein & Crane, LLP,<br><br>        Defendant(s). | Case No: 1:21-cv-6500<br><br>**COMPLAINT AND<br>DEMAND FOR JURY TRIAL** |

Plaintiff Breindy Kohn ("Plaintiff"), brings this Complaint by and through her attorneys, Stein Saks, PLLC, against Defendant Relin, Goldstein & Crane, LLP ("Relin"), based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1. The Fair Debt Collection Practices Act ("FDCPA" or "Act") was enacted in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). The Act was promulgated because of the concern that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* It concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. The purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *Id.* § 1692(b), the Act gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over state law claims, if any, in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claim occurred here, Plaintiff resides here, and Defendant transacts business here.

## NATURE OF THE ACTION

5. Plaintiff brings this action under § 1692 et seq. of Title 15 of the United States Code, also known as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of New York, County of Kings.

8. Defendant Relin is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA.

9. Relin has an address at 28 East Main Street, Suite 1800, Rochester, NY 14614.

10. Relin is a law firm.

11. Relin uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is the practice of law attempting to collect debts.

12. Relin regularly attempts to collect debts owed to others.

13. Relin describes itself, on its website, as "Prominent Collections Attorneys".

14. Relin, on its website, states that its clients have relied on Relin "to aggressively pursue delinquent accounts throughout New York State since 1927".

## FACTUAL ALLEGATIONS

15. Plaintiff repeats the above allegations as if set forth here.

16. Some time prior to January 19, 2021, Plaintiff allegedly incurred an obligation to non-party American Express.

17. This alleged debt was incurred as a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a (5), specifically for personal credit.

18. American Express is a "creditor" as defined by 15 U.S.C.§ 1692a (4).

19. According to the letter received by Plaintiff, Relin represented American Express to collect the alleged debt.

20. Defendant Relin collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of itself or other creditors using the United States Postal Services, telephone and internet.

### Violation - January 19, 2021 Collection Letter

21. On or about January 19, 2021, Defendant Relin sent Plaintiff an initial collection letter.

22. A copy of this letter is attached as Exhibit A.

23. Defendant disputes the amount alleged as owed in the letter.

24. The letter states a "Principal Amount Due" of $4,876.86.

25. Defendant's letter stated that Plaintiff owes $4,876.86 of principal.

26. This is false.

27. The "Principal Amount Due" of $4,876.86 includes interest.

28. Upon information and belief this "Principal Amount" also includes fees.

29. The Letter does not state that any interest or fees are included in this amount.

30. Stating that this amount only includes principal is therefore false, misleading, infair, and deceptive.

31. Defendant deceptively tried to conceal that $4,876.86 includes interest making it appear that the principal amount owed is greater than reality.

32. A debtor is more likely to be willing to pay principal only.

33. A debtor is more reluctant to pay for fees or interest.

34. By the time such an account is sent for collection, invariably there are interest or fees owed on the debt.

35. Plaintiff therefore knows that the balance on this letter includes interest and/or fees.

36. Calling the entire balance "Principal" was merely a collection tactic to coerce Plaintiff to pay, or at least sow enough confusion creating an inability to determine what course of action would be in her best interests.

37. This served to coerce Plaintiff to call Defendants only to be faced with "Prominent Collections Attorneys" and professional debt collectors with their highly skilled debt collection tactics.

38. Plaintiff was therefore unable to evaluate how much is truly being alleged as the correct balance, is being misled at to the total owed, and could not properly evaluate the demand for payment or how to address it.

39. Defendant's actions caused Plaintiff to suspect there was fraud involved with this collection.

40. Because of Defendant's actions, Plaintiff expended time and money in determining the proper course of action.

41. Plaintiff would have pursued a different course of action were it not for Defendant's violations.

42. Plaintiff was unable to determine the true balance and its component parts.

43. Plaintiff was therefore unable to pay the debt in whole or part.

44. The funds Plaintiff could have used to pay the debt were therefore spent elsewhere.

45. In addition, Plaintiff suffered emotional harm due to Defendant's improper acts.

46. Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

47. As it relates to this case, Congress identified a concrete and particularized harm with a close common-law analogue to the traditional tort of fraud.

48. Plaintiff is entitled to receive proper notice of the amount of her debt, as required by the FDCPA.

49. Defendant failed to effectively inform Plaintiff of this information, and in fact attempted to conceal it, in violation of the law.

50. These violations by Defendant were knowing, willful, negligent and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

51. Defendants' collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right to be not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

52. Defendants' deceptive, misleading and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to

intelligently respond to Defendants' collection efforts because Plaintiff could not adequately respond to Defendants' demand for payment of this debt.

53. Defendants' actions created an appreciable risk to Plaintiff of being unable to properly respond or handle Defendant's debt collection.

54. Plaintiff was confused and misled to her detriment by the statements in the dunning letter, and relied on the contents of the letter to her detriment.

55. As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692e *et seq.*

56. Plaintiff repeats the above allegations as if set forth here.

57. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

58. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

59. Defendants violated said section, by using false, deceptive, or misleading representations or means to collect the alleged debt, as described above, in violation of §§ 1692e, 1692e (2)(A), 1692 (5), 1692 (10).

60. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692f *et seq.*

61. Plaintiff repeats the above allegations as if set forth here.

62. Alternatively, Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

63. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

64. Defendant violated this section by using unfair or unconscionable means to collect the alleged debt, as described above.

65. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT III
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692g *et seq.*

66. Plaintiff repeats the above allegations as if set forth here.

67. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

68. Pursuant to 15 U.S.C. §1692g, within five days of an initial communication, a debt collector must send written notice of the amount of the debt.

69. Defendant violated this section by failing to properly state the amount of the debt, as described above.

70. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

71. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Breindy Kohn demands judgment from Defendant Relin, Goldstein & Crane, LLP, as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1692k(a)(1);

b) For statutory damages provided and pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1692k(a)(3); and

d) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper

Dated: November 22, 2021

Respectfully submitted,

Stein Saks, PLLC

By:/s/ Eliyahu Babad
Eliyahu Babad, Esq.
One University Plaza, Suite 620
Hackensack, NJ, 07601
P. (201) 282-6500 x121
F. (201) 282-6501
EBabad@SteinSaksLegal.com

*Attorneys for Plaintiff*

# Exhibit A

Relin, Goldstein & Crane, LLP<br>
Attorneys at Law<br>
28 East Main Street, Suite 1800<br>
Rochester, New York 14614<br>
(585) 325-6202  fax: (585) 325-6201<br>
toll free: (800) 203-9552

Mark K. Broyles  (LA and NY)  
Joseph M. Shur  
David P. Case  
V.S. Vilkhu  
Craig K. Beideman  

Shelly L. Baldwin  
Jacquelyn Carosa  

Breindy Kohn  


Creditor: American Express  
Principal Amount Due: $4,876.86  
Payments and/or Credits: $0.00  
Total Amount Due: $4,876.86  
Account # Ending in **********61001  

Dear Breindy Kohn:

Our office represents American Express regarding the above account. We are sending this letter based on account information provided by our client. Please direct any future communications to our office.

Unless you notify this office within thirty days after receiving this notice that you dispute the validity of the debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within thirty days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such verification or judgment. Upon your written request within the thirty-day period, after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Please contact us between the hours of 8am-5pm, Monday through Friday at 800-203-9552 to resolve your balance.

Date: ___1/19/21___

Very truly yours,

Relin, Goldstein & Crane, LLP  
☐ Joseph M. Shur, Esq.  
☐ V.S. Vilkhu, Esq.  

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

Page 1 of 2

In accordance with the Fair Debt Collections Practices Act, 15 U.S.C § 1692 et seq.; we are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including but not limited to:

- (i) the use of threats or violence;
- (ii) the use of obscene or profane language; and
- (iii) repeated phone calls made with the intent to annoy, abuse, or harass.

If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt:

1. Supplemental security income, (SSI);
2. Social security;
3. Public assistance (welfare);
4. Spousal support, maintenance (alimony) or child support;
5. Unemployment benefits;
6. Disability benefits;
7. Workers' compensation benefits;
8. Public or private pensions;
9. Veterans' benefits;
10. Federal student loans, federal student grants; and federal work study funds; and
11. Ninety percent of your wages or salary earned in the last sixty days.

Page 2 of 2

**ServeRochester**
248 Barclay Square
Rochester, NY 14618
Phone 585-455-4555

Job: 6427113 (253)     Due:
Recipient: Relin, Goldstein & Crane, LLP
Server: Richard Zicari     Fee:

Client: Reliable Process Services   Phone: 8455179128

| Case | 1:21-cv-06500-BMC | Plaintiff | Breindy Kohn, |
|---|---|---|---|
| Court | Eastern District of New York | Defendant | Relin, Goldstein & Crane, LLP |
| Documents | Summons and Complaint - filed.pdf, Exhibit A - filed.pdf, Summons and Complaint .pdf | | |
| Instructions | | | |

Address
28 East Main street Suite 1800, Rochester, NY 14614

Relin, Goldstein & Crane, LLP

Date & Time:     Description of Service / Recipient:

Age:     Gender:     Ethnicity:     Weight:
Height:     Hair:     Eyes:     Relationship: