# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

Breindy Kohn,

                Plaintiff(s)

-v.-

Relin, Goldstein & Crane, LLP,

                Defendant(s).

Index No.

**Plaintiff designates Kings County as the place of trial. The basis of venue is Plaintiff's residence.**

**SUMMONS**

To the above-named Defendant(s):

      You are hereby summoned to answer the complaint in this action and to serve a copy of your answer, or if the complaint is not served with this summons, to serve a Notice of Appearance on the Plaintiff's Attorneys within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: January 4, 2022, Nassau County, New York

                                      Sincerely,

                                      **Stein Saks, PLLC**
                                      s/ Eliyahu Babad
                                      Eliyahu Babad, Esq.
                                      One University Plaza, Suite 620
                                      Hackensack, NJ 07601
                                      (201) 282-6500 x121
                                      EBabad@SteinSaksLegal.com
                                      *Counsel for Plaintiff*

Defendant's(s) address(es) for service of process:

Relin, Goldstein & Crane, LLP
28 East Main Street, Suite 1800
Rochester, NY 14614

1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

Breindy Kohn,

                Plaintiff(s)

-v.-

Relin, Goldstein & Crane, LLP,

                Defendant(s).

Index No.

**VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Breindy Kohn ("Plaintiff"), brings this Verified Complaint by and through her attorneys, Stein Saks, PLLC, against Defendant Relin, Goldstein & Crane, LLP ("Relin"), based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1.    The Fair Debt Collection Practices Act ("FDCPA" or "Act") was enacted in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). The Act was promulgated because of the concern that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* It concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.    The purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *Id.* § 1692(b), the Act gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action as Plaintiff was and is a resident of this County and the State of New York.

4. Venue is proper in this judicial district as this is where the Plaintiff resides.

## NATURE OF THE ACTION

5. Plaintiff brings this action under pursuant to Section 1692 et seq. of Title 15 of the United States Code, also known as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of New York, County of Kings.

8. Defendant Relin is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA.

9. Relin has an address at 28 East Main Street, Suite 1800, Rochester, NY 14614.

10. Relin is a law firm.

11. Relin uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is the practice of law attempting to collect debts.

12. Relin regularly attempts to collect debts owed to others.

13. Relin describes itself, on its website, as "Prominent Collections Attorneys".

14. Relin, on its website, states that its clients have relied on Relin "to aggressively pursue delinquent accounts throughout New York State since 1927".

## FACTUAL ALLEGATIONS

15. Plaintiff repeats the above allegations as if set forth here.

16. Some time prior to January 19, 2021, Plaintiff allegedly incurred an obligation to non-party American Express.

17. This alleged debt was incurred as a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a (5), specifically for personal credit.

18. American Express is a "creditor" as defined by 15 U.S.C.§ 1692a (4).

19. According to the letter received by Plaintiff, Relin represented American Express to collect the alleged debt.

20. Defendant Relin collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of itself or other creditors using the United States Postal Services, telephone and internet.

*Violation - January 19, 2021 Collection Letter*

21. On or about January 19, 2021, Defendant Relin sent Plaintiff an initial collection letter.

22. A copy of this letter is attached as Exhibit A.

23. Defendant disputes the amount alleged as owed in the letter.

24. The letter states a "Principal Amount Due" of $4,876.86.

25. Defendant's letter stated that Plaintiff owes $4,876.86 of principal.

26. This is false.

27. The "Principal Amount Due" of $4,876.86 is not composed exclusively of principal/

28. The "Principal Amount Due" of $4,876.86 includes interest.

29. Upon information and belief this "Principal Amount Due" also includes fees.

30. The Letter does not state that any interest or fees are included in this amount.

31. The Letter falsely states that this amount only includes principal.

32. Stating that this amount only includes principal is therefore false, misleading, unfair, and deceptive.

33. Defendant deceptively tried to conceal that $4,876.86 includes interest making it appear that the principal amount owed is greater than reality.

34. A debtor is more likely to be willing to pay principal only.

35. A debtor is more reluctant to pay for fees or interest.

36. By the time such an account is sent for collection, invariably there are interest or fees owed on the debt.

37. Plaintiff therefore knows that the balance on this letter includes interest and/or fees.

38. Calling the entire balance "Principal" was merely a collection tactic to coerce Plaintiff to pay, or at least sow enough confusion creating an inability to determine what course of action would be in her best interests.

39. This served to coerce Plaintiff to call Defendant only to be faced with "Prominent Collections Attorneys" and professional debt collectors with their highly skilled debt collection tactics.

40. Plaintiff was therefore unable to evaluate how much is truly being alleged as the correct balance, is being misled at to the total owed, and could not properly evaluate the demand for payment or how to address it.

41. Defendant's actions caused Plaintiff to suspect there was fraud involved with this collection.

42. Because of Defendant's actions, Plaintiff expended time and money in determining the proper course of action.

43. Plaintiff would have pursued a different course of action were it not for Defendant's violations.

44. Plaintiff was unable to determine the true balance and its component parts.

45. Plaintiff was therefore unable to pay the debt in whole or part.

46. The funds Plaintiff could have used to pay the debt were therefore spent elsewhere.

47. In addition, Plaintiff suffered emotional harm due to Defendant's improper acts.

48. Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

49. As it relates to this case, Congress identified a concrete and particularized harm with a close common-law analogue to the traditional tort of fraud.

50. Plaintiff is entitled to receive proper notice of the amount of her debt, as required by the FDCPA.

51. Defendant failed to effectively inform Plaintiff of this information, and in fact attempted to conceal it, in violation of the law.

52. These violations by Defendant were knowing, willful, negligent and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

53. Defendants' collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right to be not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

54. Defendants' deceptive, misleading and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to

intelligently respond to Defendants' collection efforts because Plaintiff could not adequately respond to Defendants' demand for payment of this debt.

55. Defendants' actions created an appreciable risk to Plaintiff of being unable to properly respond or handle Defendant's debt collection.

56. Plaintiff was confused and misled to her detriment by the statements in the dunning letter, and relied on the contents of the letter to her detriment.

57. As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692e *et seq.*

58. Plaintiff repeats the above allegations as if set forth here.

59. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

60. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

61. Defendants violated said section, by using false, deceptive, or misleading representations or means to collect the alleged debt, as described above, in violation of §§ 1692e, 1692e (2)(A), 1692 (5), 1692 (10).

62. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692f *et seq.*

63. Plaintiff repeats the above allegations as if set forth here.

64. Alternatively, Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

65. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

66. Defendant violated this section by using unfair or unconscionable means to collect the alleged debt, as described above.

67. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT III
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692g *et seq.*

68. Plaintiff repeats the above allegations as if set forth here.

69. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

70. Pursuant to 15 U.S.C. §1692g, within five days of an initial communication, a debt collector must send written notice of the amount of the debt.

71. Defendant violated this section by failing to properly state the amount of the debt, as described above.

72. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

73. Pursuant to CPLR 4102, Plaintiff hereby requests a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Breindy Kohn demands judgment from Defendant Relin, Goldstein & Crane, LLP, as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1692k(a)(1);

b) For statutory damages provided and pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1692k(a)(3); and

d) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper

Dated: January 4, 2022

Respectfully submitted,

Stein Saks, PLLC

By: s/ Eliyahu Babad
Eliyahu Babad, Esq.
One University Plaza, Suite 620
Hackensack, NJ, 07601
P. (201) 282-6500 x121
F. (201) 282-6501
EBabad@SteinSaksLegal.com

*Attorneys for Plaintiff*

## VERIFICATION

      Eliyahu Babad, an attorney admitted to the practice of law before the courts of the State of New York, and not a party to the above-entitled action, affirms the following to be true under the penalties of perjury pursuant to CPLR 2106: I have read the foregoing complaint and know the contents thereof. The same are true based on my knowledge and communication with, and records from, Plaintiff, except as to matters therein stated to be alleged on information and belief and as to those matters, I believe them to be true, based on same. This verification is being made by Plaintiff's attorney as Plaintiff is not located in the County in which Plaintiff's attorney's office is located.

                                                               s/ Eliyahu Babad
                                                                Eliyahu Babad, Esq.

# Exhibit A

Relin, Goldstein & Crane, LLP
Attorneys at Law
28 East Main Street, Suite 1800
Rochester, New York 14614
(585) 325-6202  fax: (585) 325-6201
toll free: (800) 203-9552

Mark K. Broyles  (LA and NY)      Shelly L. Baldwin
Joseph M. Shur      Jacquelyn Carosa
David P. Case
V.S. Vilkhu
Craig K. Beideman

Breindy Kohn

Creditor: American Express
Principal Amount Due:  $4,876.86
Payments and/or Credits:  $0.00
Total Amount Due:  $4,876.86
Account # Ending in  **********61001

Dear Breindy Kohn:

    Our office represents American Express regarding the above account. We are sending this letter based on account information provided by our client. Please direct any future communications to our office.

    Unless you notify this office within thirty days after receiving this notice that you dispute the validity of the debt, or any portion thereof, this office will assume this debt is valid.  If you notify this office in writing within thirty days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such verification or judgment.  Upon your written request within the thirty-day period, after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

    Please contact us between the hours of 8am-5pm, Monday through Friday at 800-203-9552 to resolve your balance.

Date: _____1/19/21_____      Very truly yours,

     _____
     Relin, Goldstein & Crane, LLP
     ☐ Joseph M. Shur, Esq.
     ☐ V.S. Vilkhu, Esq.

    This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

Page 1 of 2

In accordance with the Fair Debt Collections Practices Act, 15 U.S.C § 1692 et seq., we are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including but not limited to:

(i)  the use of threats or violence;
(ii) the use of obscene or profane language; and
(iii) repeated phone calls made with the intent to annoy, abuse, or harass.

If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt:

1. Supplemental security income, (SSI);
2. Social security;
3. Public assistance (welfare);
4. Spousal support, maintenance (alimony) or child support;
5. Unemployment benefits;
6. Disability benefits;
7. Workers' compensation benefits;
8. Public or private pensions;
9. Veterans' benefits;
10. Federal student loans, federal student grants; and federal work study funds; and
11. Ninety percent of your wages or salary earned in the last sixty days.

Page 2 of 2