UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Breindy Kohn,

                Plaintiff(s)

-v.-

Relin, Goldstein & Crane, LLP,

                Defendant(s).

Case No. 1:22-cv-00437-KAM-LB

**FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

Stein Saks, LLP, attorneys for Plaintiff Breindy Kohn ("Plaintiff"), by Eliyahu Babad, hereby appear in this action for Plaintiff, who brings this First Amended Complaint by and through her attorneys, against Defendant Relin, Goldstein & Crane, LLP ("Relin"), based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1. The Fair Debt Collection Practices Act ("FDCPA" or "Act") was enacted in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). The Act was promulgated because of the concern that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* It concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. The purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *Id.* § 1692(b), the Act gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## ABSENCE OF JURISDICTION

3. The Court does not have jurisdiction over this action as Plaintiff is not asserting actual damages, only statutory damages.

4. Plaintiff is not asserting a concrete injury.

5. There is no federal case and controversy as required by Article III of the United States Constitution for federal court jurisdiction.

6. Since this Court lacks jurisdiction, the case should be remanded back to state court.

## PROCEDURAL BACKGROUND

7. Plaintiff originally filed this case in federal court asserting actual damages.

8. Plaintiff filed it on November 22, 2021.

9. The case was assigned to the Honorable Brian M. Cogan.

10. The case number was Case 1:21-cv-06500-BMC.

11. Shortly thereafter, Judge Cogan issued a number of orders to show cause why plaintiffs had standing on a number of FDCPA cases.

12. Although no order to show cause was yet issued on Plaintiff's case, instead of dragging out the litigation about whether Plaintiff has standing, Plaintiff voluntarily dismissed the action without prejudice.

13. Plaintiff then filed the action in New York State Court.

14. Defendant thereafter removed the case to this Court.

## NATURE OF THE ACTION

15. Plaintiff brings this action under pursuant to Section 1692 et seq. of Title 15 of the United States Code, also known as the Fair Debt Collections Practices Act ("FDCPA"), and

16. Plaintiff is seeking damages and declaratory relief.

## PARTIES

17. Plaintiff is a resident of the State of New York, County of Kings.

18. Defendant Relin is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA.

19. Relin has an address at 28 East Main Street, Suite 1800, Rochester, NY 14614.

20. Relin is a law firm.

21. Relin uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is the practice of law attempting to collect debts.

22. Relin regularly attempts to collect debts owed to others.

23. Relin describes itself, on its website, as "Prominent Collections Attorneys".

24. Relin, on its website, states that its clients have relied on Relin "to aggressively pursue delinquent accounts throughout New York State since 1927".

## FACTUAL ALLEGATIONS

25. Plaintiff repeats the above allegations as if set forth here.

26. Some time prior to January 19, 2021, Plaintiff allegedly incurred an obligation to non-party American Express.

27. This alleged debt was incurred as a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a (5), specifically for personal credit.

28. American Express is a "creditor" as defined by 15 U.S.C.§ 1692a (4).

29. According to the letter received by Plaintiff, Relin represented American Express to collect the alleged debt.

30. Defendant Relin collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of itself or other creditors using the United States Postal Services, telephone and internet.

*Violation - January 19, 2021 Collection Letter*

31. On or about January 19, 2021, Defendant Relin sent Plaintiff an initial collection letter.

32. A copy of this letter is attached as Exhibit A.

33. Defendant disputes the amount alleged as owed in the letter.

34. The letter states a "Principal Amount Due" of $4,876.86.

35. Defendant's letter stated that Plaintiff owes $4,876.86 of principal.

36. This is false.

37. The "Principal Amount Due" of $4,876.86 is not composed exclusively of principal/

38. The "Principal Amount Due" of $4,876.86 includes interest.

39. Upon information and belief this "Principal Amount Due" also includes fees.

40. The Letter does not state that any interest or fees are included in this amount.

41. The Letter falsely states that this amount only includes principal.

42. Stating that this amount only includes principal is therefore false, misleading, unfair, and deceptive.

43. Defendant deceptively tried to conceal that $4,876.86 includes interest making it appear that the principal amount owed is greater than reality.

44. A debtor is more likely to be willing to pay principal only.

45. A debtor is more reluctant to pay for fees or interest.

46. By the time such an account is sent for collection, invariably there are interest or fees owed on the debt.

47. Plaintiff therefore knows that the balance on this letter includes interest and/or fees.

48. Calling the entire balance "Principal" was merely a collection tactic to coerce Plaintiff to pay, or at least sow enough confusion creating an inability to determine what course of action would be in her best interests.

49. This served to coerce Plaintiff to call Defendant only to be faced with "Prominent Collections Attorneys" and professional debt collectors with their highly skilled debt collection tactics.

50. Plaintiff was therefore unable to evaluate how much is truly being alleged as the correct balance, is being misled at to the total owed, and could not properly evaluate the demand for payment or how to address it.

51. Defendant's actions caused Plaintiff to suspect there was fraud involved with this collection.

52. Plaintiff was unable to determine the true balance and its component parts.

53. Plaintiff is entitled to receive proper notice of the amount of her debt, as required by the FDCPA.

54. Defendant failed to effectively inform Plaintiff of this information, and in fact attempted to conceal it, in violation of the law.

55. These violations by Defendant were knowing, willful, negligent and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

56. The FDCPA provides Plaintiff with the legally protected right to be not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

57. Defendants' deceptive, misleading and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendants' collection efforts because Plaintiff could not adequately respond to Defendants' demand for payment of this debt.

58. As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff is entitled to statutory damages.

## COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

59. Plaintiff repeats the above allegations as if set forth here.

60. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

61. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

62. Defendants violated said section, by using false, deceptive, or misleading representations or means to collect the alleged debt, as described above, in violation of §§ 1692e, 1692e (2)(A), 1692 (5), 1692 (10).

63. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq.*

64. Plaintiff repeats the above allegations as if set forth here.

65. Alternatively, Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

66. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

67. Defendant violated this section by using unfair or unconscionable means to collect the alleged debt, as described above.

68. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

### COUNT III
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692g *et seq.*

69. Plaintiff repeats the above allegations as if set forth here.

70. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

71. Pursuant to 15 U.S.C. §1692g, within five days of an initial communication, a debt collector must send written notice of the amount of the debt.

72. Defendant violated this section by failing to properly state the amount of the debt, as described above.

73. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

### DEMAND FOR TRIAL BY JURY

74. Pursuant to Rule 38 of the Federal Rules of Civil Procedure (or when this case is remanded, pursuant to CPLR 4102), Plaintiff hereby requests a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Breindy Kohn demands judgment from Defendant Relin, Goldstein & Crane, LLP, as follows:

a) For statutory damages provided and pursuant to 15 U.S.C. § 1692k(a)(2)(A);

b) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1692k(a)(3); and

c) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper

Dated: January 26, 2022

Respectfully submitted,

Stein Saks, PLLC

By: s/ Eliyahu Babad
Eliyahu Babad, Esq.
One University Plaza, Suite 620
Hackensack, NJ, 07601
P. (201) 282-6500 x121
F. (201) 282-6501
EBabad@SteinSaksLegal.com

*Attorneys for Plaintiff*

# **VERIFICATION FOR STATE COURT PURPOSES**

      Eliyahu Babad, an attorney admitted to the practice of law before the courts of the State of New York, and not a party to the above-entitled action, affirms the following to be true under the penalties of perjury pursuant to CPLR 2106: I have read the foregoing complaint and know the contents thereof. The same are true based on my knowledge and communication with, and records from, Plaintiff, except as to matters therein stated to be alleged on information and belief and as to those matters, I believe them to be true, based on same. This verification is being made by Plaintiff's attorney as Plaintiff is not located in the County in which Plaintiff's attorney's office is located.

                                                    <u>s/ Eliyahu Babad</u>
                                                    Eliyahu Babad, Esq.