

February 16, 2022

Hon. Lois Bloom
United States District Court
225 Cadman Plaza East
Brooklyn, NY 11201

      RE:    Breindy Kohn v. Relin, Goldstein & Crane, LLP, et al.
              Case No.: 1:22-cv-00437-KAM-LB

Dear Judge Bloom,

This firm represents Plaintiff in the above-referenced matter. We write in response to Defendant's request for "an immediate settlement conference". Although the parties have been, and continue to negotiate, Defendant is attempting to gain an advantage by forcing a lengthy and costly Court appearance and forcing Plaintiff to attend. As no discovery has taken place, it would be premature for a settlement conference. Plaintiff is at an informational disadvantage hurting her ability to settle at this point.

Although this tactic may be helpful to Defendant in forcing a more favorable settlement, it is improper here as this case is in the wrong forum. The Court does not have subject matter jurisdiction over this case. Plaintiff is not alleging actual damages and therefore lacks Article III standing. The case was improperly removed from state court by Defendant and should be remanded. Plaintiff does not want to take part in further proceedings in federal court which itself lacks jurisdiction over the case.

Plaintiff filed this suit in New York Supreme Court asserting Defendant violated the FDCPA in its collection activities against Plaintiff. Defendant removed the case here on January 25, 2022. Plaintiff amended the Complaint on January 26, 2022 and Defendant answered on February 9, 2022.

The Complaint states that "Plaintiff is not asserting actual damages, only statutory damages. Plaintiff is not asserting a concrete injury. There is no federal case and controversy as required by Article III of the United States Constitution for federal court jurisdiction. Since this Court lacks jurisdiction, the case should be remanded back to state court". Dkt 4, Complaint ¶¶3-6.[1] In the Complaint's *ad damnum* clause, Plaintiff does not request actual damages. See Complaint.

---

[1] This case really has its genesis in an earlier iteration. Plaintiff originally filed a case in federal court asserting actual damages, on November 22, 2021. The case was assigned to Judge Cogan, case number 1:21-cv-06500-BMC. As the Article III standing issue was heating up in the Second Circuit, and instead of dragging out the litigation about whether Plaintiff has standing, Plaintiff voluntarily dismissed the



Removal of a civil action from state to federal court is appropriate only if the federal court has subject-matter jurisdiction over the matter. 28 U.S.C. § 1444(a). Because federal courts are courts of limited jurisdiction and because of federalism concerns, there is a presumption against removal jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.* 511 U.S. 375, 377 (1994) (holding that presumption against jurisdiction exists because federal courts are courts of limited jurisdiction). This "strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.* 980 F.2d 564, 566 (9th Cir. 1992). "Out of respect for the independence of state courts, and in order to control the federal docket, federal courts construe the removal statute narrowly, resolving any doubts against removability." *Stan Winston Creatures, Inc. v. Toys "R" Us, Inc.*, 314 F. Supp. 2d 177, 179 (S.D.N.Y. 2003).

If a case is improperly removed, "the federal court must remand the action because it has no subject-matter jurisdiction to decide the case." *ARCO Envtl. Remediation, L.L.C. v. Dep't of Health & Envtl. Quality of Montana*, 213 F.3d 1108, 1113 (9th Cir. 2000); *see also* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded"). "In cases where the plaintiff lacks Article III standing, the default is to remand rather than dismiss". *Kaufman v. Marsh & McLennan Cos.*, No. 5:20-cv-01213-EJD, 2020 U.S. Dist. LEXIS 229350, at *4 (N.D. Cal. Dec. 7, 2020). Without subject matter jurisdiction the Court *must* remand to state court. *See, e.g.*, *Garcia v. Kahala Brands, LTD.*, No. CV 19-10062-GW-JEMX, 2020 WL 256518, at *3 (C.D. Cal. Jan. 16, 2020) ("Given that Plaintiff lacks Article III standing, this case must be remanded to state court") (citations omitted); *Mendoza v. Pac. Theatres Entm't Corp.*, No. CV1909175CJCJCX, 2019 WL 6726088, at *3 (C.D. Cal. Dec. 10, 2019) (same); *Mendoza v. Aldi Inc.*, No. 219CV06870ODWJEMX, 2019 WL 7284940, at *2 (C.D. Cal. Dec. 27, 2019) ("the literal words of [28 U.S.C.] § 1447(c) . . . on their face, give no discretion to dismiss rather than remand an action."); *Miranda v. Magic Mountain LLC*, No. CV 17-07483 SJO (SS), 2018 WL 571914, at *3 (C.D. Cal. Jan. 25, 2018) ("Accordingly, the Court is without discretion in determining whether remand is appropriate and must remand the action.").

The United States Supreme Court long ago approved of state courts adjudicating federal questions even where Article III standing is lacking. *ASARCO Inc. v. Kadish*, 490 U.S. 605, 617 (1989) ("the constraints of Article III do not apply to state courts, and accordingly the state courts are not bound by the limitations of a case or controversy or other federal rules of justiciability even when they address issues of federal law").

Where a Plaintiff lacks Article III standing, the Court lacks subject matter jurisdiction over the case, and "without jurisdiction, the district court lacks the power to adjudicate the merits of the case." *John v. Whole Foods Mkt. Grp., Inc.*, 858 F.3d 732, 735 (2d Cir. 2017). As Plaintiff

---

action without prejudice. Plaintiff then filed this action in New York State Court and Defendant thereafter removed it to this Court. Plaintiff then amended the Complaint to make it clear that she was only claiming statutory damages and not claiming any concrete injury.



concedes the lack of standing, the case should be remanded for lack of subject matter jurisdiction.

Conducting a settlement conference at this stage would not be helpful to the parties in reaching a mutually agreeable settlement. It will only help Defendant gain an unfair advantage. Plaintiff respectfully requests the Court not hold a settlement conference at this time. If ultimately this case remains in this Court, Plaintiff would likely request a settlement conference at the close of discovery, when the informational disadvantage gap is narrowed thereby providing a more fertile ground for a mutually agreeable settlement.

Sincerely,
s/ *Eliyahu Babad*