

750 Third Avenue
25th Floor
New York, NY 10017
o 212.668.5927
f 212.668.5929
ropers.com

John W. Hanson

February 16, 2022

<u>Delivered via ECF</u>

Magistrate Judge Lois Bloom
United States District Court
225 Cadman Plaza East
Brooklyn, NY 11201

   Re: *Kohn v. Relin, Goldstein & Crane, LLP, et. al.*
      United States District Court, Eastern District of New York
      <u>Case No.: 22-cv-00437-KAM-LB</u>

Dear Judge Bloom:

  We represent the defendant, Relin, Goldstein & Crane, LLP ("RGC"), in the above-referenced matter.

  We write in response to plaintiff Breindy Kohn's ("plaintiff") opposition to RGC's request for a settlement conference in order to correct certain misstatements contained therein.

  As set forth in plaintiff's letter, plaintiff originally brought this action in the Eastern District of New York, wherein she alleged actual damages as a result of an alleged violation of the Fair Debt Collection Practices Act ("FDCPA"). (*See* ECF Docket No 2; Case No. 21-cv-06500(BMC). Upon the case's assignment to Judge Cogan, plaintiff voluntarily dismissed the action and refiled it in State Court, wherein she again alleged the same claims under the FDCPA and for actual damages. (*See* ECF Docket No. 1.) Thereafter, RGC timely and properly removed this case on the basis that plaintiff alleged a federal question under the FDCPA. (*See* ECF Docket No. 1.) Contrary to plaintiff's counsel's suggestion, this case was not improperly removed to this Court. Upon removal, plaintiff then filed an amended complaint removing allegations as to actual damages. (*See* ECF Docket No. 4.) Thus, by this action, plaintiff now purports to seek statutory damages under the FDCPA, the maximum amount of which is $1,000. *See* 15 U.S.C. § 1692k(a)(2)(A).

  Since plaintiff's maximum recovery in this case is $1,000, we contacted plaintiff's counsel to discuss an expeditious resolution of this matter. RGC also served an offer of judgment for more than the maximum statutory damages plaintiff could obtain, and filed its request for an immediate settlement conference. Despite the fact that this case is straightforward and should be resolved expeditiously, plaintiff (or her counsel) is instead intent on seeking to litigate the case in an effort to generate attorneys' fees.

  Consistent with this strategy, in response to RGC's request for an immediate settlement conference, plaintiff's counsel filed his letter motion to remand the action to State Court.



Plaintiff's or her counsel's gamesmanship in seeking to continue to litigate this matter is directly contrary to the statement in plaintiff's counsel's letter about purportedly seeking to avoid "dragging out the litigation." (*See* Plaintiff's Response Letter, at fn. 1.) Removal to this Court was both timely and proper. (*See* Docket No. 1.) Plaintiff's subsequent amendment to attempt to remove this Court's jurisdiction in an effort to forum shop should not be countenanced. It is RGC's position that the Court should proceed with an immediate settlement conference to achieve a speedy and inexpensive conclusion of this action, as set forth in FRCP 1.

While plaintiff contends that she is at an "informational disadvantage," it is unclear what discovery is needed since this case pertains solely to the interpretation of language contained within a letter that is within plaintiff's possession, and plaintiff is only seeking statutory damages of up to $1,000. It is also unclear what purported "unfair advantage" RGC would gain by conducting a settlement conference at this stage.

For the foregoing reasons, it is respectfully requested that the parties proceed with an immediate settlement conference in this matter. We thank Your Honor in advance for your assistance in this regard.

Respectfully Submitted,

Ropers Majeski PC

*s/John W. Hanson*

John W. Hanson

JWH/ja

cc:

Eliyahu Babad, Esq. (via ECF)